UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DeJuan Haywood Haggins,  No. 13-cv-175 (DWF/LIB)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

St. Paul, City of, et al,

    Defendants.

DeJuan Haywood Haggins (Plaintiff) commenced this action by filing a civil Complaint, [Docket No. 1], and an application for leave to proceed in forma pauperis (IFP). [Docket No. 2].

Under the Court's Order of January 24, 2013, [Docket No. 3], Plaintiff was required either to pay an initial partial filing fee in the amount of $7.39 for this action within twenty (20) days of said order, "failing which it will be recommended that this action be dismissed without prejudice." (Id. at 3). On February 14, 2013, Plaintiff requested an additional thirty (30) days to pay the initial partial filing fee, (Motion for Extension [Docket No. 4]), upon which the Court granted an extension until March 25, 2013. (Order of February 25, 2013 [Docket No. 5]). On March 25, 2013, Plaintiff again asked for an extension, this time of unspecified length, (Motion for Extension [Docket No. 6]), upon which the Court, citing confusion over the assignment of Plaintiff's motion, granted Plaintiff an additional twenty-one (21) days to pay his initial partial filing fee, but noted that "[i]f Plaintiff fails to pay an initial partial filing fee of no less than $7.39 by May 2, 2013, however, the Court will recommend that this action be dismissed for lack of prosecution." (Order of April 11, 2013 [Docket No. 7]). As of today's date, Plaintiff has not made any payment toward the initial partial filing fee.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the Court's Order of April 24, 2013, [Docket No. 3], and its Order of April 11, 2013, [Docket No. 7], and for the reasons more fully stated in those Orders, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

Based upon the above, and upon all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. That the Plaintiff's Complaint [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**, for failure to comply with this Court's Order of January 24, 2013, [Docket No. 3], and its Order of April 11, 2013, [Docket No. 7], and for lack of prosecution.

Dated: May 15, 2013

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 29, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and

Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.